```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

            -against-                          MEMORANDUM
                                               AND ORDER
FLORA MAHMOOD,                                 07-MJ-603 (SMG)

                       Defendant.
------------------------------------------------------------X
```

*Gold, S., United States Magistrate Judge*:

On May 17, 2007, the United States presented an Affidavit in Support of Arrest Warrant to me for review. I concluded that the facts set forth in the affidavit established probable cause to believe that, as alleged, defendant Flora Mahmood violated 18 U.S.C. § 1204 by knowingly and intentionally removing her son from the United States, and retaining him outside of the United States with the intent to obstruct the lawful exercise of the parental rights of the child's father, who was at that time her husband. Accordingly, I issued a warrant for Mahmood's arrest.

By letter motion filed March 12, 2009, Mahmood asks this Court to vacate the warrant for her arrest or, in the alternative, to convert the warrant to a summons. Mahmood does not argue that the facts asserted in the Affidavit in Support of Arrest Warrant fail to establish probable cause. Rather, Mahmood contends in support of her motion that, when she left the country with her son, she was fleeing a pattern of domestic violence. If true, these facts might establish an affirmative defense pursuant to § 1204(c)(2). Mahmood argues in addition that her motion should be granted in the interests of justice.

The plain language of the Federal Rules of Criminal Procedure, however, precludes the relief Mahmood seeks:

> If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been

>committed and that the defendant committed it, the judge *must* issue an arrest warrant to an officer authorized to execute it.

FED. R. CRIM. P. 4(a) (emphasis added).

Section 1204 of Title 18 makes it a crime to remove a child from the United States, or retain the child outside of the United States, with the intent to obstruct the lawful exercise of the parental rights of another. The affidavit submitted in support of the warrant issued for Mahmood's arrest clearly demonstrates probable cause to believe that she violated this section. According to that affidavit, Mahmood left the country with her son at a point in time when she was married to his father. She later sent the father an e-mail stating the he would never see his son again. The father then initiated divorce proceedings in New Jersey and was awarded sole custody of his son. Mahmood remains outside of the United States with her son.

The custodial rights of parents are determined by reference to state law. *United States v. Amer*, 110 F.3d 873, 878 (2d Cir. 1997). Under New Jersey law, both a mother and father "have a natural right to the custody of their children." *In re Guardianship of C.*, 98 N.J. Super. 474, 479 (Juv. and Dom. Rel. Ct. 1967). Thus, when Mahmood removed the couple's son from the United States, she did so in violation of her then husband's parental rights. Moreover, Mahmood continued to keep her son out of the United States even after sole custody was awarded to the child's father.[1]

---

[1] According to defendant's letter brief, the child's father commenced a legal proceeding in Pakistan on February 10, 2005. Defendant contends that the Pakistani court enjoined her from removing her son from its jurisdiction during the pendency of the proceedings. The significance of this information is unclear, but it does not, for at least two reasons, undermine the government's probable cause showing. First, defendant is charged with violating the law beginning on or about November 6, 2004, before any proceedings were commenced in Pakistan. Second, defendant does not state when the court proceedings in Pakistan were concluded or why she was justified in continuing to keep her son out of the United States after that date.

Mahmood does not contest the fundamental facts set forth in the prosecution's complaint. Rather, Mahmood alleges facts that might establish an affirmative defense available under the charging statute to defendants fleeing a pattern of domestic violence. 18 U.S.C. § 1204(c)(2). Facts giving rise to an affirmative defense, however, do not negate probable cause; an affirmative defense "is an excuse for a crime, not a denial of one." *Labensky v. County of Nassau*, 6 F. Supp. 2d 161, 177 (E.D.N.Y. 1998). Moreover, Mahmood makes no showing that the affiant seeking the arrest warrant was aware of these facts when he submitted his affidavit in May of 2007.

For all these reasons, Mahmood's motion to vacate the warrant for her arrest or to convert the warrant to a summons is denied.

SO ORDERED.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
April 27, 2009

U:\MAHMOOD 042709.wpd